FILED '08 SEP 08 16:15 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY THOMPSON,

        Petitioner,        Civil No. 07-569-TC

        v.        FINDINGS AND
                RECOMMENDATION

JAMES BARTLETT,

        Respondent.

COFFIN, Magistrate Judge.

      Petitioner was in the custody of the Oregon Department of

Corrections[1] pursuant to an amended judgment, dated March 20,

---

     [1]Petitioner was released from custody on October 19, 2007.
Respondent's Exhibit 125.  Although petitioner's sentence has been
fully served, he meets the jurisdictional "in custody" requirement
for habeas corpus proceedings because he was in custody at the time
this proceeding was filed. See, Chacon v. Wood, 36 F.3rd 1459, 1462
(9th Cir. 1994) (habeas corpus petition not moot based solely on

1 - FINDINGS AND RECOMMENDATION

2003, from the Marion County Circuit court after a conviction for Felony Driving Under the Influence of Intoxicants. After a guilty plea, a 60 month prison term with post-prison supervision of 24 months was imposed. An Amended judgment was subsequently issued imposing a prison term of 60 months without a period of post-prison supervision. Respondent's Exhibit 101. As noted above, petitioner was released from custody on October 19, 2007.

Petitioner did not file a direct appeal. Petitioner filed a petition for post-conviction relief, which was denied. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Respondent's Exhibits 106, 118-124.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging 3 claims of ineffective assistance of counsel under the Oregon and United States Constitution and an Apprendi claim.

On May 15, 2008, respondent filed an Answer (#27) and Response (#26) moving to deny petitioner's petition. Petitioner's reply brief was due on July 14, 2008, and this

_____

petitioner's subsequent release from custody).

2 - FINDINGS AND RECOMMENDATION

matter was taken under advisement by the court on July 29, 2008.

Petitioner did not file a brief, and on August 12, 2008, petitioner was allowed 14 days to file a brief and advised that this matter would be decided on the record before the court after the expiration of 14 days.  See, Order (#29). Petitioner has not filed a brief or requested an extension of time in which to do so.  Accordingly, based on respondent's un-controverted evidence and argument, I find as follows.

To the extent that petitioner alleges claims under the Oregon Constitution, he fails to state a claim cognizable under 28 U.S.C. § 2254. See, Estelle v. McGuire, 502 U.S. 62, 68 (1991); Wainwright v. Goode, 464 U.S. 78, 83 (1993).

Petitioner's Claim One is that his attorney was ineffective for failing to object to "double counting" of petitioner's prior DUII convictions.  Petitioner argues that his prior convictions were improperly used to enhance the crime from a misdemeanor to a felony and for a sentencing grid block of "6A." Petition (#2), p. 3.

Petitioner raised this claim in his post-conviction

proceeding,[2] and the court found as follows:

FINDINGS OF FACT

1.    Prior to his current Felony DUII conviction, petitioner had been convicted of Misdemeanor DUII seven (7) times.

2.    Petitioner was not prosecuted twice for the same offense when his prior DUII convictions determined his sentencing guidelines grid block and also served as an aggravating factor in support of an upward departure sentence.

\* \* \* \* \*

8.    Petitioner did not prove any of his post-conviction claims by a preponderance of the evidence.

CONCLUSIONS OF LAW

1. Based on the findings of fact set forth above, petitioner was not denied the right to assistance of counsel in the underlying criminal proceedings that resulted in petitioner's conviction, as guaranteed by \*\*\* the United States Constitution, as Articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).

4.    The sentencing court was authorized to use petitioner's prior DUII convictions both to place him in grid block '6A,' see OAR 213-004-0009, State v. Westcott, 139 Or App 374, rev den 323 Or 691 (1966); State v. Alexander, 114 Or App 220 (1992); State v. Kennedy, 113 Or App 134, 137 (1992).

\* \* \* \* \*

---

[2]Respondent acknowledges that petitioner exhausted state remedies as to this claim by fairly presenting it to the Oregon Supreme Court under Wells v. Maass, 28 F.3d 1005, 1011 (9th Cir. 1994) (a claim is fairly presented by incorporating the issue from an Oregon Court of Appeals brief into the Petition for review). See, Response (#26), p. 9.

8.        None of petitioner's claims of inadequate assistance of counsel and resulting prejudice are supported by the facts or the law.

Exhibit 117, pages 3-5.

In <u>Stickland v. Washington</u>, 466 U.S. 668 (1984), the

Supreme Court outlined a two-pronged test for assessing claims

of ineffective assistance of counsel as follows:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components.   First, the defendant must show that counsel's performance was deficient.   This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.   Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.   Unless a defendant shows both showings, it cannot be said that the conviction * * * resulted from a breakdown of the adversary process that renders the result unreliable.

The Oregon State court decision that petitioner failed to

establish that his attorney was constitutionally deficient is

entitled to deference under 28 U.S.C. § 2254(d)(1) because it

was "not contrary to, nor an unreasonable application of,

clearly" announced Supreme Court law.   <u>Davis v. Grigas</u>, 443

F.3d 1155, 1158 (9th Cir. 2006).

Oregon Law provides for the counting of prior DUII

convictions in precisely the manner it was done in

petitioner's case.  Under ORS 813.010(5)(a), a DUII is a Class

A Felony if the accused had at least three prior DUII convictions within the last 10 years. Petitioner had four.

ORS 813.012 requires felony DUII to be classified as a crime category 6, and every two prior misdemeanor DUII convictions equal one Felony DUII.

Under OAR 213-004-009, "[e]very two prior convictions for misdemeanor driving while under the influence of intoxicants * * * in the offender's criminal history shall be counted as one conviction fo felony driving under the influence of intoxicants; and [e]ach felony conviction for driving while under the influence of intoxicants shall be counted as a person felony."

In this case, petitioner had seven prior misdemeanor DUII convictions, which amounts to 3 "person felonies" under OAR 213-004-0009. Under the Sentencing Guidelines, a person with three or more person felonies qualifies as an "A" on the criminal history scale. See, Exhibit 105, page 2, and Exhibit 108, p. 7. In State v. Hurd, 182 Or App 361, 363, *rev den* 335 Or 104 (2002), the Oregon Court of Appeals affirmed a finding under OAR 213-004-0009 that a criminal defendant with eight prior DUII convictions was a "6A" on the sentencing grid block.

I find that the Oregon court decision regarding petitioner's claim of ineffective assistance of counsel based on counsel's failure to object to "improper counting" of previous DUII convictions is entitled to deference under 28 U.S.C. § 2254(d)(1)

In addition because Oregon law provides for the "double use" of prior convictions petitioner's counsel was not ineffective or "deficient" under Strickland for failing to object to the procedure.

Petitioner's Claim Two is that his trial counsel was ineffective for failing to object to the illegal departure sentence imposed. Petitioner's argument is based on the fact that his original sentence included a 24 month of post-prison supervision which in connection with the 60 month prison term, exceeded the 5 year maximum sentence for a Class C. Felony provided in O.R.S. 161.605(3).

Respondent concedes that "[o]n the merits, counsel's performance was deficient for not objecting on state-law grounds to the illegal sentence. Thompson is correct that the prison term combined with any period of post-prison supervision cannot exceed 5 years for a Class C Felony. Layton v. Hall, 181 Or App 581 (2002)." Response (#26), p.

7 - FINDINGS AND RECOMMENDATION

14.

However, in order to prevail on a claim of ineffective assistance of counsel under Strickland, a petitioner must prove both deficient performance and prejudice.  466 U.S. 687. In this case, petitioner has failed to establish any prejudice arising from counsel's failure to object to petitioner's sentence because an amended judgment was filed eliminating the term of post prison supervision. Ultimately, petitioner was not in custody in excess of the 5 year maximum provided by Oregon law.

Petitioner's Claim Three is that his trial counsel was ineffective for failing to "object to to the sentence imposed because it was not permissible without a valid waiver by the defendant of his rights to have a jury decide beyond a reasonable doubt, the aggravating factors used to enhance a departure sentence."  Petition (#2), p. 3.

Petitioner's Claim Three may arguably have some merit following the Supreme Court decision in Blakely v Washington, 542 U.S. 286 (2004).  However, Blakely had not been decided at the time of petitioner's conviction and sentence. Petitioner's attorney was not constitutionally ineffective for failing to foresee the Blakely developments after Apprendi.

8 - FINDINGS AND RECOMMENDATION

It is not constitutionally required that a defense attorney anticipate future developments in the law such as occurred in this case. Sophanthavong v. Palmateer, 378 F.3d 859, 870 (9th Cir. 2004) ("Strickland does not mandate prescience, only objectively reasonable advice under prevailing professional norms"); see also, Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002)(failure to predict developments of law regarding Apprendi like issues is not ineffective).

Petitioner alleges as Ground Four that he was denied due process under the Fourteenth Amendment to the United States Constitution "when the sentence received was in excess of what was legal under Apprendi ... . Petition (#2), p. 3.

In Blakely v. Washington, 542 U.S. 296 (2004), the court held that the Apprendi rule applied not only to sentences exceeding the statutory maximum, but also to sentences that exceeded the standard range and were within the maximum. 542 U.S. at 303-304.

However, Blakely "does not apply retroactively to convictions that became final prior to its publication." Schardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005), cert. denied 547 U.S. 1161 (2006).

The Supreme Court opinion in Blakely was filed June 24,

9 - FINDINGS AND RECOMMENDATION

2004.  Petitioner was sentenced in December 2002; the amended judgment (deleting the 24 month term of post-prison supervision) was entered in March 2003.  Petitioner's conviction became final prior to the publication of _Blakely_ and therefor whatever the merits of petitioner's _Apprendi_ claim may be under the current law, the challenge is not applicable to petitioner's conviction or sentence.

Respondent's unopposed Response (motion to dismiss) (#26) should be allowed.  Petitioner's Petition (#2) should be denied.  This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

10 - FINDINGS AND RECOMMENDATION

judgment   entered   pursuant   to   the   Magistrate   Judges's
recommendation.

DATED this __8__ day of September, 2008.

_____
Thomas M. Coffin
United States Magistrate Judge